# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENARD BROOKS JR., | Case No. 1:22-cv-01414-ADA-EPG-HC |
| Petitioner, | ORDER DENYING PETITIONER'S REQUEST FOR ORDER TO SHOW CAUSE |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | (ECF No. 17) |
| Respondent. | |

Petitioner Renard Brooks Jr. is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1.) On October 26, 2022, the United States District Court for the Northern District of California issued a notice that Petitioner's habeas action was deficient because he did not pay the $5 filing fee and stating that Petitioner must correct the deficiency. (ECF No. 2.) On November 2, 2022, the United States District Court for the Northern District of California ordered that the petition be transferred to the United States District Court for the Eastern District of California, and on November 3, 2022, the case was transferred. (ECF Nos. 4, 5.) On November 28, 2022, the undersigned issued findings and recommendation recommending that the petition be dismissed as an unauthorized successive petition. (ECF No. 9.)

1

1    On December 7, 2022, this Court received Petitioner's motion for extension of time to
2 respond to the Northern District of California's deficiency notice.[1] (ECF No. 10.) Therein,
3 Petitioner indicated that he received the deficiency notice the night of October 31, 2022, and then
4 was transferred "out of the blue" to the Los Angeles County Jail on November 1, 2022.
5 Petitioner requested an extension of time "to get the required documents to show that [he is]
6 indigent." (Id.) On December 12, 2022, the Court denied Petitioner's motion for extension of
7 time to respond to the Northern District of California's deficiency notice as moot. (ECF No. 11.)
8    On January 5, 2023, the Court received a notice from Petitioner in which he stated that he
9 was in Los Angeles County Jail and had been denied access to the law library in addition to
10 having problems procuring paper, copies, pencils, and envelopes due to his indigency. (ECF No.
11 12.) On January 6, 2023, the Court construed the notice as a motion for extension of time and
12 granted Petitioner forty-five days to file objections to the findings and recommendation. (ECF
13 No. 13.) On March 7, 2023, Petitioner informed the Court that he had been transferred back to
14 Corcoran and requested a court order directing Corcoran to provide law library access to
15 Petitioner. (ECF Nos. 14, 15.) On March 9, 2023, the Court denied Petitioner's request but
16 granted an additional extension of time for Petitioner to file objections. (ECF No. 16.)
17    On March 10, 2023, the Court received a "request and notification" in which Petitioner
18 states that in October 2022 "this Court sent [Petitioner] a form to fill out and send it back within
19 30 days" but that he was unable to do so because he was transferred to Los Angeles County Jail
20 and was not given this notice until he returned to prison. (ECF No. 17.) Petitioner is "notifying
21 this Court that [he] [in]tend[s] to file a complaint" and requests the Court to issue an order to
22 show cause to Petitioner's institution of confinement why Petitioner's "legal property wasn't
23 returned or rerouted to [Petitioner] but instead kept here without any notice." (Id.)
24    A civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to
25 challenge his conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991);
26 Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir.

---

[1] The motion was received by the United States District Court for the Northern District of California on November 25, 2022, and forwarded to this Court on December 7, 2022. (ECF No. 10.)

2016) (en banc). Although the All Writs Act allows a federal court "to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained," Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 40 (1985) (citation omitted), Petitioner does not establish that he is unable to litigate his petition for writ of habeas corpus pending before this Court based on the above allegations.[2]

Accordingly, Petitioner's request (ECF No. 17) is DENIED.

IT IS SO ORDERED.

Dated: **March 13, 2023**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Based on the dates provided by Petitioner, the notice was issued by the Northern District of California, which later transferred the matter to this Court, and thus, has no bearing on this proceeding.

3