UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENARD BROOKS, JR.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | No.  1:22-cv-01414-ADA-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 9) |

　　　　Petitioner Renard Brooks, Jr. is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On November 28, 2022, the assigned Magistrate Judge issued findings and recommendations that recommended dismissing the petition as an unauthorized successive petition. (ECF No. 9.)  Petitioner was granted an extension of time to file his objections to the findings and recommendations, and he filed his objections on April 28, 2023. (ECF No. 20.)  Previously, Petitioner brought the same claims before the Court in 2018 and again in 2021.  (*See* Case Nos. 1:18-cv-00883-LJO-JLT, 1:21-cv-01443-DAD-SKO.)  In each case, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability.  (*Id.*)  Here, Petitioner's objections largely restate his petition.  (ECF No. 20.)

1

1 Petitioner argues this Court, the United States District Court for the Eastern District of California,
2 has the authority to hear his claims; however, the case remains that it does not as the Ninth Circuit
3 has still not granted Petitioner's requests to issue a certificate of appealability. (ECF No. 9 at 2
4 (citing *Burton v. Stewart*, 549 U.S. 147, 157 (2007)).) Additionally, Petitioner requests an
5 evidentiary hearing on this issue before the Court makes a ruling. (ECF No. 20 at 11–12.)
6 However, as this Court does not have authority to hear this matter, Petitioner's request is moot.

7 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
8 *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's
9 objections, the Court holds the findings and recommendations to be supported by the record and
10 proper analysis.

11 Having found that Petitioner is not entitled to habeas relief, the Court now turns to
12 whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus
13 has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is
14 allowed in only certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28
15 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without
16 reaching the underlying constitutional claims, the Court should issue a certificate of appealability
17 "if jurists of reason would find it debatable whether the petition states a valid claim of the denial
18 of a constitutional right and that jurists of reason would find it debatable whether the district court
19 was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a
20 plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a
21 reasonable jurist could not conclude either that the district court erred in dismissing the petition or
22 that the petitioner should be allowed to proceed further." *Id.*
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on November 28, 2022 (ECF No. 9), are ADOPTED in full;
2. The petition for writ of habeas corpus is DISMISSED;
3. The Clerk of Court is directed to close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   August 31, 2023

UNITED STATES DISTRICT JUDGE

3